UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

_____
                                            :
PLAINTIFFS, MICHELLE L. COLE,               :
and ANDREA SCARLETT, on behalf              :
of themselves and all others similarly      :
situated,                                   :          C.A. No. 0:17cv62461
                                            :
            Plaintiffs,                     :
                                            :
      v.                                    :
                                            :
PATRIOT NATIONAL, INC. and                  :
GUARANTEE INSURANCE CO.,                    :
                                            :
            Defendants.                     :
_____:

**CLASS ACTION COMPLAINT**
**FOR VIOLATION OF THE WARN ACT, 29 U.S.C. § 2101, *et seq.***

Plaintiffs, Michelle L. Cole and Andrea Scarlett ("Class Plaintiffs"), individually and as class representatives for all similarly situated individuals, by and through their undersigned counsel, bring this Complaint and make the following allegations, in accordance with the numbered paragraphs set forth below:

**NATURE OF THE ACTION**

1.   Class Plaintiffs bring this action on behalf of themselves, and other similarly-situated former employees who worked for defendant Patriot National, Inc. ("Patriot National") and were terminated without cause, as part of, the mass reduction in force or layoffs and who were not provided 60 days advance written notice of their terminations, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.*

1

2. Patriot National and defendant Guarantee Insurance Co. ("Guarantee") were both controlled by Steve Mariano ("Mariano"). In 2016 and 2017, Mariano was the alleged recipient of $15.7 million in transfers from Guarantee that had no documented business purpose and no discernible benefit to Guarantee.

3. In March 2017, Patriot National reportedly provided Guarantee, its largest customer, with $30 million in exchange for a 10-year services contract.

4. Thereafter, Guarantee agreed to enter into state-supervised receivership after a financial audit found the company overstated its level of capitalization in 2016. In August 2017, Guarantee entered into a consent order barring it from writing new business while implementing a plan of reorganization. On November 27, 2017, Guarantee was ordered liquidated by the Second Judicial Circuit Court in Leon County, Florida.

5. On or about November 28, 2017, The New York Stock Exchange ("NYSE") commenced proceedings to delist the common stock of Patriot National from the NYSE. Trading in Patriot National's common stock was suspended immediately. As noted above, Defendants were both controlled by Mariano and Mariano remains the largest shareholder of the two companies.

6. At all relevant times hereto, Patriot National has operated as a "single employer" together and with Guarantee under the WARN Act, and continued as such up to and including the date upon which the Patriot National employees were abruptly and permanently terminated on November 24, 2017. Specifically, Patriot National and Guarantee constituted a single employer of the Plaintiffs and the other similarly situated former employees under the WARN Act in that, among other things: they shared common ownership and common officers and directors; Guarantee exercised de facto control over the labor practices and personnel policies

and decisions governing the Plaintiffs and Class Members, including the decision to order the mass layoff at the Facility; and there was a dependency of operations between Patriot National and Guarantee.

7. Furthermore, at all relevant times hereto, Defendants maintained direct responsibility for Patriot National's strategic, financial, human resources, and benefits functions by, among other things, exercising control over Patriot National's business plans (including those concerning the day-to-day operation of the business). Defendants evaded their obligations under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 et seq. (the "WARN Act"), the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq. ("ERISA"); and relevant state wage payment laws. As such, Patriot National and Guarantee operated as a single employer[1] for these purposes and are hereafter collectively referred to as "Defendants."

8. Defendants violated the WARN Act by knowingly failing to give Plaintiffs and other persons similarly situated, who are members of the class Plaintiffs seek to represent, at least 60 days prior notice of termination of their employment as required by that statute. As a consequence, Plaintiffs and the other similarly situated individuals are entitled to recover from Defendants, under the WARN Act, their wages and other employee benefits for 60 working days following the termination of their employment, which wages and benefits have not been paid.

9. Class Plaintiffs and all similarly-situated employees seek to recover 60 days wages, benefits and all other statutory remedies under the WARN Act from Defendants because they were not given at least 60 days advance notice of termination as required by the WARN Act.

---

[1] "Single employer" is the test enunciated under the WARN Act for joint liability. For ERISA and the various state wage payment laws, a similar analysis for joint liability is sometimes referred to a "joint employer." Both tests are considered easier to satisfy than the alter ego/veil piercing test.

**JURISDICTION AND VENUE**

10. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334 and 1367 and 29 U.S.C. § 2104(a)(5).

11. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

12. Venue is proper in this District pursuant to 29 U.S.C. § 2104(a)(5).

**THE PARTIES**

13. Defendant, Patriot National, Inc., is a Florida corporation with its principal place of business located at 401 E. Las Olas Boulevard, Suite 1650, Ft. Lauderdale, Florida 33301.

14. Defendant Patriot National is a national insurance technology firm which provides general agency services, technology outsourcing, software solutions, specialty underwriting and policyholder services, claims administration services and self-funded health plans to its insurance carrier and other clients. Upon information and belief, Defendant operates a facility located at 401 E. Las Olas Boulevard, Suite 1650, Ft. Lauderdale, Florida 33301 (the "Facility"), where Defendant employed approximately 300 employees, including Class Plaintiffs.

15. Defendant Guarantee Insurance Co. is a workers compensation provider closely related to Patriot National, and which reportedly accounted for approximately one-third of Patriot National's business. Guarantee has a principal place of business located at 401 E. Las Olas Boulevard, Suite 1650, Ft. Lauderdale, Florida 33301.

16. Class Plaintiff, Michelle L. Cole, was employed by Defendant Patriot National as an Audit Billing Specialist and worked at or received assignments from the Facility, until her termination on November 24, 2017.

17. Class Plaintiff, Andrea Scarlett, was employed by Defendant Patriot National as an Assistant Controller and worked at or received assignments from the Facility, until her termination on November 24, 2017

18. Like Class Plaintiffs, until on or about November 24, 2017, all employees similarly situated to Class Plaintiffs were employed by Defendant Patriot National and worked at or reported to the Facility. On or about November 24, 2017, Defendants laid off approximately 250 of its 300 employees, including Class Plaintiffs. The terminated workers are based both in Fort Lauderdale and in divisions outside of Defendant's headquarters.

## WARN ACT ALLEGATIONS

19. Class Plaintiffs bring this Adversary Complaint for violation of 29 U.S.C. §2101 *et seq*., on behalf of themselves and on behalf of all other similarly-situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Federal Rules of Civil Procedure, Rule 23(a), who worked at or reported to the Facility and were terminated without cause by Defendant, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

20. The persons in the WARN Class identified above ("WARN Class Members") are so numerous that joinder of all members is impracticable. Upon information and belief, the Plaintiffs believe that the Class consists of 250 employees. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

21. On information and belief, the identity of the members of the class and the recent residential address of each of the WARN Class Members is contained in the books and records of Defendants.

22. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

23. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

    (a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to the Plant;

    (b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them 60 days advance written notice in violation of the WARN Act; and

    (c) whether Defendants unlawfully failed to pay the WARN Class Members 60 days wages and benefits as required by the WARN Act.

24. Class Plaintiffs' claims are typical of those of the WARN Class. Class Plaintiffs, like other WARN Class members, worked at or reported to the Facility and were terminated on or about November 24, 2017, without cause on as part of the Defendants mass layoffs ordered by Defendants.

25. Class Plaintiffs will fairly and adequately protect the interests of the WARN Class. Class Plaintiffs have retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

26.     On or about November 24, 2017, Defendants terminated the employment of Class Plaintiffs and all others similarly situated, as part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive 60 days advance written notice under the WARN Act.

27.     Class certification of these claims is appropriate under Fed. R. Bankr. P. 7023 which incorporates by reference Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation — particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant, and damages suffered by individual WARN Class members are small compared to the expense and burden of individual prosecution of this litigation.

28.     Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

29.     Class Plaintiffs intend to send notice to all members of the WARN Class to the extent required by Rule 23.

## **CLAIM FOR RELIEF**

### **Violation of the WARN Act, 29 U.S.C. § 2101 *et seq.***

30. Class Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

31. At all relevant times, Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week, exclusive of hours of overtime, within the United States.

32. At all relevant times, Defendants were an "employer," as that term is defined in 29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a), and continued to operate as a business until it decided to order mass layoffs at the Facility.

33. On or about November 22, 2017, Defendants ordered and arranged for mass layoffs and/or a plant closing at the Plant, as those terms are defined by 29 U.S.C. § 2101(a)(2).

34. The mass layoffs or plant closing at the Plant resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants employees as well as thirty-three percent (33%) of Defendants workforce at the Facility, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

35. Class Plaintiffs and the WARN Class members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closing ordered by Defendants at the Facility.

36. Class Plaintiffs and the WARN Class members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

37. Defendants were required by the WARN Act to give Class Plaintiffs and the WARN Class members at least 60 days advance written notice of their terminations.

38. Defendants failed to give Class Plaintiffs and the WARN Class members written notice that complied with the requirements of the WARN Act.

39. Class Plaintiffs, and each of the WARN Class members, are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. § 2104 (a)(7).

40. Defendants failed to pay Class Plaintiffs and each of the WARN Class members their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, and upon information and belief, failed to make the pension and 401(k) contributions from and after the dates of their respective terminations.

41. The relief sought in this proceeding is equitable in nature.

## PRAYER FOR RELIEF

**WHEREFORE**, Class Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendants, jointly and severally:

A. Certification of this action as a Class Action;

B. Designation of Class Plaintiffs as the Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. A money judgment in favor of Plaintiffs and the putative Class members, equal to the sum of: their unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued vacation pay, pension and 401(k) contributions and other COBRA benefits, for 60 days, that would have been covered and paid under the then-applicable employee benefit plans had that coverage continued for that period, the WARN Act, 29 U.S.C. and § 2104 (a)(1)(A), including any civil penalties, pursuant to the relevant state wage payment laws;

E.  Reasonable attorneys' fees and costs that Class Plaintiffs will incur in prosecuting this action, as authorized by the WARN Act and the Wage Act; and

F.  Such other and further relief as this Court may deem just and proper.

DATED this 14th day of December, 2017.

    Respectfully Submitted,

**WEISS SEROTA HELFMAN COLE & BIERMAN P.L.**
200 E. Broward Blvd., Suite 1900
Fort Lauderdale, FL 33301
Tel: (954) 763-4242
Fax: (954) 764-7770
**MITCHELL BIERMAN**
Florida Bar No. 864439
Primary: mbierman@wsh-law.com
Secondary: LPimienta@wsh-law.com
**MICHAEL S. KANTOR**
Florida Bar No. 90472
Primary: mkantor@wsh-law.com
Secondary: falonso@wsh-law.com

By: _/s/ Michael Kantor_
**MICHAEL S. KANTOR**

-   And   -

Charles A. Ercole, Esquire (Pro Hac Vice to be Filed)
Lee D. Moylan, Esquire (Pro Hac Vice to be Filed)
Sally E. Veghte, Esquire (Pro Hac Vice to be Filed)
**Klehr Harrison Harvey Branzburg LLP**
1835 Market Street, Suite 1400
Philadelphia, PA 19103
Telephone: (215) 569-2700
cercole@klehr.com
lmoylan@klehr.com
sveghte@klehr.com

*Attorneys for Class Plaintiffs and the Putative Class*